## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

CHARLIE JAMES          )
FREEMAN, JR.,            )
                       )
     Petitioner,        )
                       )
v.                       )         CV420-301
                       )
R. CARLTON POWELL,    )
                       )
     Respondent.      )

### REPORT AND RECOMMENDATION

Charlie James Freeman, Jr. has filed what appears to be a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. Doc. 1. He has requested leave to proceed *in forma pauperis*. *See* doc. 2. Although that motion is completely blank, *see* doc. 2, he subsequently paid the filing fee, *see* docket entry dated March 1, 2021. Given that payment, along with the myriad defects in his petition, as discussed below, his request to proceed *in forma pauperis* is **DISMISSED** as moot. Doc. 2. Preliminary review under Rule 4 of the Rules Governing Section 2254 Cases shows that his petition must be dismissed.

Freeman's petition is almost completely blank. *See generally* doc. 1. He does not assert any constitutional defect in his conviction, which

occurred in 2011. *See* doc. 1 at 1, 5-12. He alleges that the Georgia Supreme Court denied a petition for certiorari on his direct appeal in 2014. *See id.* at 1. The only substantive allegation in his Petition is that his state habeas case has not yet been resolved. *See id.* at 13-14.

The pleading standard applicable to § 2254 petitions requires that the petitioner "state . . . facts supporting each ground." Rule 2(c)(2), Rules Governing Section 2254 Cases. The Eleventh Circuit has explained that "Rule 2(c) mandates 'fact pleading' as opposed to 'notice pleading,' as authorized under Federal Rule of Civil Procedure 8(a)." *Hittson v. GDCP Warden*, 759 F.3d 1210, 1265 (11th Cir. 2014) (internal quotations and citation omitted). Freeman's almost blank petition obviously does not satisfy the pleading standard. His Petition should, therefore, be **DISMISSED**.

The information that Freeman does provide supports dismissal. First, he states that he was convicted in Mitchell County, Georgia. *See* doc. 1 at 1. Mitchell County lies in the Middle District of Georgia. 28 U.S.C. §90(b)(5). He indicates that he was confined in Thomas County, Georgia when his Petition was filed and has since transferred to Bainbridge, in Decatur County, Georgia. Doc. 1 at 1; doc. 3. Both Thomas

and Decatur Counties lie in the Middle District of Georgia. 28 U.S.C.
§ 90(b)(7). Jurisdiction over § 2254 petitions lies in the district within
which the petitioner was convicted or in the district within which he is
confined. 28 U.S.C. § 2241(d); *Wright v. Indiana*, 263 F. App'x 794, 795
(11th Cir. 2008). Even if there were facts pleaded, therefore, this Court
would lack jurisdiction over the petition.

Finally, to the extent that the Petition contains any content at all,
it alleges that Freeman's state collateral challenges to his conviction were
pending when he filed his Petition. *See* doc. 1 at 13-14.[1] Before seeking
§ 2254 relief, however, petitioners must "fairly present" their claims to
state courts to give them a "full and fair opportunity to resolve federal
constitutional claims." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999);
28 U.S.C. § 2254(b)(1)(A) (habeas petitioners must "exhaust[ ] the
remedies available in the courts of the State" before seeking federal

---

[1] Exhaustion is not required where "there is an absence of available State corrective
process" or "circumstances exist that render such process ineffective to protect the
rights of the applicant." 28 U.S.C. § 2254(b). The passage of even five years without
response from the state court does not excuse the exhaustion requirement to invoke
this Court's jurisdiction. *See, e.g., Hughes v. Stafford*, 780 F.2d 1580, 1581 (11th Cir.
1986) (despite eight-year delay in adjudication of state habeas petition, exhaustion
requirement upheld where state court eventually adjudicated state habeas petition
and petitioner had a "viable state procedure available").

relief); *see also Reedman v. Thomas*, 305 F. App'x 544, 546 (11th Cir. 2008) ("Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion."). Freeman, by his own admission, has yet to do that. He must *fully* exhaust his "right under the law of the State to raise, by *any* available procedure, the question presented." 28 U.S.C. § 2254(c) (emphasis added). That includes awaiting a response from the state court. [2]

Because it "plainly appears from the petition . . . that the petitioner is not entitled to relief" at this time, the Court "must dismiss the petition and direct the clerk to notify the petitioner." Rule 4, Rules Governing Section 2254 Cases. Accordingly, this petition should be **DISMISSED**. This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all

---

[2] A stay of this case is also not warranted, as petitioner has made no showing of "good cause" for his "failure to exhaust his claims first in the state court." *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Applying the Certificate of Appealability (COA) standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue.  28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal).  And, as there are no non-frivolous issues to raise on appeal, an appeal would not

be taken in good faith.  Thus, *in forma pauperis* status on appeal should

likewise be **DENIED**.  28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED,** this 31st day of May,

2022.

Christopher L. Ray
United States Magistrate Judge
Southern District of Georgia